UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ALVIN JOEL GARZA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:13-CV-55 |
| | § | |
| RICK THALER, *et al*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

Petitioner Alvin Joel Garza (TDCJ #1730634) seeks habeas corpus relief under 28 U.S.C. § 2254, challenging two disciplinary cases. To supplement the pleadings, the Court has obtained the official disciplinary records and all relevant grievances from the State Attorney General's Office via a *Martinez* report. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1987). Having reviewed the pleadings and disciplinary records, this case will be dismissed for the reasons stated below.

On May 2, 2012, Garza was charged with two disciplinary offenses. At the disciplinary hearing held on May 3, 2012, Garza was found guilty in case number 20120241272 of possessing a 1.2 ounce can of smokeless tobacco, a level 1, Code 10.2 violation.[1] Punishment for the offense included a loss of 365 days good-time credit, a reduction in time-earning class status from S2 to L1, a forty-five day loss

---

[1] Level 1, Code 10.2: Possesion of a certain amount of contraband (a) Money ($20 or more); (b) Tobacco (20 cigarettes or 0.6 ounces or more).

of commissary and recreation privileges, and suspension of contact visitation for one month. Garza appealed the findings of the disciplinary committee by filing a Step 1 and Step 2 grievance. The grievances were denied on the ground that, among other things, the guilty verdict was supported by a preponderance of the evidence.

At the disciplinary hearing in case number 20120240939, which was also held on May 3, 2012, Garza was found guilty of soliciting his daughter to violate a TDCJ rule by forwarding calls he made to her home phone to her cell phone, a Code 30 violation.[2]  Punishment for the offense included a loss of forty-five days good-time credit, a reduction in time-earning class status from L1 to L3, a thirty day loss of commissary and recreation privileges, and suspension of contact visitation for two months. Garza appealed the findings of the disciplinary committee by filing a Step 1 and Step 2 grievance. The grievances were also denied on the ground that the guilty verdict was supported by a preponderance of the evidence.

Garza now presents his petition for federal writ of habeas corpus challenging the disciplinary convictions. In case number 20120241272, he claims that he did not possess a can of tobacco and that the alleged tobacco was never produced as evidence. In case number 20120240939, he does not contest his factual guilty but

---

[2] Level 2, Code 30:  Soliciting assistance from an offender, staff member, or any person to violate the TDCJ rules or employee rules.

contends he did not know that telling his daughter to forward her calls was a violation of TDCJ rules.

State prisoners seeking federal court review of a conviction pursuant to 28 U.S.C. §2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing,* 42 F.3d 255, 258 (5th Cir. 1994); *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993). In the context of disciplinary proceedings, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Institutional rules violations implicate the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). The Due Process Clause does not grant a constitutional right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Likewise, the Due Process Clause does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff*, 418 U.S. at 557; *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

In determining whether state law gives rise to a liberty interest, the Supreme Court has decided that only those state-created substantive interests that

"inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487; *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). In Texas, it is well established that only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release under the Texas mandatory supervision scheme and a protected liberty interest in the good-time credits that they have earned. *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007).

The sanctions imposed on Garza do not implicate his constitutional rights. A temporary loss of commissary and recreation privileges and a brief cessation of contact visitation does not pose atypical or significant hardships beyond the ordinary incidents of prison life. These are merely minimal and temporary changes in conditions of confinement and therefore do not implicate the protections afforded by the Due Process Clause. *See Madison,* 104 F.3d at 767-68. A claim regarding custodial classification also fails to qualify for federal habeas relief as the subsequent possible loss of "the mere opportunity to earn good-time credits" does not constitute a constitutionally cognizable liberty interest sufficient to "trigger the protection of the Due Process Clause." *Luken v. Scott,* 71 F.3d 192, 193 (1995), *cert. denied*, 517 U.S. 1196 (1996).

But a loss of good-time days, which may be used to determine a prisoner's eligibility for early release from prison, does constitute a potential challenge to the fact and duration of confinement and is properly considered in a habeas attack. *See* TEX. CODE. CRIM. P. ANN. art. 42.18 §8 (Vernon 1996); *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept*. 37 F.3d 166, 168 (5th Cir. 1994). When a state creates a right to time credit for good conduct and recognizes that its revocation is an authorized sanction for misconduct, "a prisoner's interest therein is embraced within the Fourteenth Amendment 'liberty' concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that this state-created right is not arbitrarily abrogated." *Madison,* 104 F.3d at 768 (citing *Wolff*, 418 U.S. at 557). It appears that Willis is eligible for mandatory supervision and, therefore, has a protected liberty interest in his previously earned good-time credits. *See Teague*, 482 F.3d at 775-76. To this extent, the revocation of those credits must comply with the minimum procedural protection required under the circumstances. *See Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985); *Henson v. United States Bureau of Prisons,* 213 F.3d 897, 898 (5th Cir. 2000).

It is well-settled that prison disciplinary proceedings do not form part of a criminal prosecution and, therefore, "the full panoply of rights due a defendant in such proceedings" does not apply. *Wolff,* 418 U.S. at 564-65. In *Wolff,* the

Supreme Court set out the minimum standards for due process in disciplinary cases which result in the loss of good-time credits. They include: (1) advanced written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *Id.,* at 563-567.

The Court has reviewed all records of the disciplinary cases. In each case, the records confirm that Garza was afforded ample notice of the charges against him, along with an opportunity to appear and present a defense at the hearing. He was also provided a written statement of the evidence relied upon and the reason for the disciplinary action. Accordingly, Garza fails to demonstrate that he was denied the minimum level of procedural due process as dictated by the Supreme Court in *Wolff*, 418 U.S. at 563-67.

Garza disputes the findings of the disciplinary hearing committee regarding illegal possession of tobacco, alleging that there was no evidence to support the charge and verdict. At the hearing, Garza stated that he had no tobacco but was aware of a "drop." After being questioned during the investigation about a large "drop" of tobacco by his daughter outside the grounds of the prison, Garza admitted to the charging officer that he had possessed one can of smokeless

tobacco for his own use and that he regularly used smokeless tobacco. (DE 6).

Garza also admits that he told his daughter to forward calls he made to her home phone to her cell phone, but argues that he should not be punished because he did not know that his conduct iolated TDCJ rules. TDCJ rules clearly state that persons wishing to make telephone calls to offenders must register their phone numbers and agree to the following conditions: (1) you are the registered owner of the phone that will receive calls from the offender; (2) you will allow offender calls to this phone; (3) you are at least 18 years old; (4) you will not forward calls or make 3-way calls received from the offender.[3]

Federal habeas review of the sufficiency of the evidence to support a disciplinary conviction is extremely limited. Due process requires only "some evidence" to support the findings made in the disciplinary hearing. *Hill*, 472 U.S. at 457; *Broussard v. Johnson*, 253 F.3d 874, 876-77 (5th Cir. 2001). It is well settled that "federal courts cannot retry every prison disciplinary dispute; rather, the court may act only where arbitrary or capricious action is shown." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994). In other words, when reviewing a prison disciplinary decision, "the standard to be applied is whether or not the actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion." *Smith v. Rabalais*, 659 F.2d 539, 543 (5th Cir. 1981), *cert. denied*, 455

---

[3] *See* http://tdcj.state.tx.us/offender_telephone/index.html

U.S. 992 (1982); *see also, Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995). "[T]he requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board to revoke good time credits." *Hill,* 472 U.S. at 455. As noted by the Supreme Court, ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. In other words, if there is "any evidence at all" that supports the action taken by prison officials, the decision must be upheld on federal habeas review. *See Banuelos*, 41 F.3d at 234; *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). "The goal of this standard - variously a 'modicum of evidence,' 'any evidence,' or 'some evidence' - is to balance the need to prevent arbitrary deprivation of protected liberty interests with the need to acknowledge institutional interests and avoid administrative burdens." *Hudson v. Johnson*, 242 F.3d 534, 536 (5th Cir. 2001). Thus, federal habeas corpus courts "do not assess the weight of the evidence" when reviewing prison disciplinary proceedings, and need only examine whether the guilty finding has the "support of 'some facts' or 'any evidence at all.'" *Hudson,* 242 F.3d at 537.

Garza's finding of guilt was based on the charging officer's offense report, Garza's own statements, and telephone records, which constitutes "some evidence"

supporting the disciplinary conviction. The record demonstrates that Garza was afforded due process at the hearing and that there was sufficient evidence to support the outcome.

For these reasons, the petition for writ of habeas corpus should be dismissed.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. §2253, a petitioner must obtain a certificate of appealability before he can appeal the district court's decision to dismiss his petition. This Court will grant a certificate of appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Memorandum and Order, Garza has not made a substantial showing of the denial of a constitutional right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). The Court will deny the issuance of a Certificate of Appealability.

The Court **ORDERS** the following:

1. The Petition for a Writ of Habeas Corpus is **DISMISSED** with prejudice.

2. A Certificate of Appealability is **DENIED.**

3.  All pending motions, if any, are **TERMINATED.**

SIGNED this 26th day of March, 2014.

                             _____
                                           Gregg Costa
                                 United States District Judge